UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUM WANG WONGSAVANH,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security,<br><br>Defendant. | Case No. 1:18-CV-1401-JDP<br><br>ORDER ON SOCIAL SECURITY APPEAL |

This matter is before the court on claimant's request for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration ("SSA") regarding her application for a period of disability and disability insurance benefits. Claimant seeks benefits based on alleged physical and mental impairments. At a hearing on October 9, 2019, I heard argument from the parties. I have reviewed the record, administrative transcript, briefs of the parties, and applicable law, and have considered arguments made at the hearing. For the reasons stated on the record at oral argument and in this order, I vacate the administrative decision of the Commissioner and remand this case for further proceedings before the Administrative Law Judge ("ALJ").

I remand this case because the ALJ failed to explain why he did not credit the opinion of treating physician Eva Hirwe regarding claimant's lifting ability. Dr. Hirwe apparently was of the opinion that claimant "could . . . not l[i]ft more than 5 lbs."[1] AR 1124. An inability to lift

---
[1] Claimant appears not to have submitted all documentation associated with Dr. Hirwe. The record contains a reference by Dr. Hirwe to a separate statement—not in the record—of her

1

five pounds would be incompatible with the ALJ's determination of claimant's residual functional capacity, which provided that claimant could perform light work within the meaning of 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."). The ALJ, however, made no reference either to this opinion or to Dr. Hirwe. Although Dr. Hirwe's opinion was contradicted, the ALJ still needed to provide "specific and legitimate reasons that are supported by substantial evidence in the record" in order to reject the opinion. *Lester v. Chater*, 81 F.3d 821 830-31 (9th Cir. 1995). Given the importance of the opinion of a treating doctor, I cannot find harmless error here; I do not know whether crediting Dr. Hirwe's opinion could have led to a different result. *See Stout v. Comm'r*, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006) (stating, where an ALJ failed to discuss lay witness testimony favorable to a claimant, that "a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination").

Claimant also challenges the ALJ's determination at step two of the five-step disability-determination process that claimant's mental impairments were not severe. The step-two severity inquiry has been described as a "de minimis screening device," *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005), and the threshold is often found to be satisfied when, as here, multiple doctors attest to the existence of some degree of impairment. Here, however, after a careful review of the evidence, the ALJ reached a different conclusion, relying on the medical record and on the absence of specialized treatment:

> The medical record shows that since March of 2011, the claimant had only received medication treatment from her primary care provider for her symptoms of depression and anxiety. Primary care treatment notes show generally minimal subjective complaints throughout the years. In addition, findings upon physical examinations generally show that the claimant was alert, oriented, pleasant, comfortable, calm, relaxed, and cooperative. The

---

opinion of claimant's lifting ability. Specifically, Dr. Hirwe wrote that claimant had told her that "she did not submit the last paperwork I completed where I gave my opinion that she could sit down in a class to learn skills, but not left [*sic*] more than 5 lbs." AR 1124. Nonetheless, this statement leaves little doubt that Dr. Hirwe had expressed an opinion that claimant could lift no more than five pounds, and I see no indication that Dr. Hirwe's opinion had changed.

2

| | |
|---|---|
| 1 | claimant generally had a normal affect, good eye contact, and clear speech.  Furthermore, the claimant had normal mental status findings on neurological consultations. |
| 2 | |

AR 19.  The ALJ considered the "paragraph B" criteria, see 20 C.F.R. Part 404, Subpart P, Appendix 1, as well.  Although this record likely could have supported a different step-two determination, I see no error here.

    Accordingly, I remand this case so that the ALJ can consider the opinion of Dr. Hirwe. The clerk of court is directed to enter judgment in favor of claimant Sum Wang Wongsavanh and against defendant Commissioner of Social Security, and to close this case.

IT IS SO ORDERED.

Dated:   October 9, 2019               _/s/ Jeremy Peterson_
                                                        UNITED STATES MAGISTRATE JUDGE

No. 200.